UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Leo McClam,     #3147, | ) **C/A No. 3:07-3492-TLW-JRM** |
| Plaintiff, | ) |
| vs. | ) Report and Recommendation |
| Mr. NFN Boney, | ) |
| Defendant. | ) |

*Background of this Case*

The plaintiff is a person committed to the South Carolina Department of Mental Health as a Sexually Violent Predator (SVP). The defendant is an employee of the South Carolina Department of Mental Health at its Columbia Care Center, which is located north of Columbia on Farrow Road. In the above-captioned case, the plaintiff has used the Section 1983 complaint form for use by state prisoners.

In the "STATEMENT OF CLAIM" portion of the Section 1983 complaint, the plaintiff alleges that the defendant verbally harassed him (the plaintiff) on September 1, and on September 10, 2007. In his prayer for relief, the plaintiff seeks: *(1)* a declaratory judgment "that what Defendant did" was wrong; *(2)* the removal of Officer Boney "off the floor" where the plaintiff is housed; *(3)* any other relief deemed appropriate by the court; and (4) "$II00.00 [*sic*] for being dis-stress[.]"

1

*Discussion*

Under established local procedure in this judicial district, a careful review has been made of the *pro se* pleadings and the Form AO 240 (motion to proceed *in forma pauperis*) pursuant to the procedural provisions of 28 U.S.C. § 1915. The review[1] has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Maryland House of Correction*, 64 F.3d 951 (4th Cir. 1995)(*en banc*), *cert. denied*, 516 U.S. 1177 (1996); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979) (recognizing the district court's authority to conduct an initial screening of any *pro se* filing);[2] *Loe v. Armistead*, 582 F.2d 1291 (4th Cir. 1978), *cert. denied*, *Moffitt v. Loe*, 446 U.S. 928 (1980); and *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir.), *cert. denied*, *Leeke v. Gordon*, 439 U.S. 970 (1978). The plaintiff is a *pro se* litigant, and thus his pleadings are accorded liberal construction. *See Erickson v. Pardus*, ___ U.S. ___, 75 U.S.L.W. 3643, 167 L.Ed.2d 1081, 127 S.Ct. 2197 (2007)(*per curiam*); *Hughes v. Rowe*, 449 U.S. 5, 9-10 & n. 7 (1980)(*per curiam*); and *Cruz v. Beto*, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint or petition, the plaintiff's or petitioner's allegations are assumed to be true. *Fine v. City of New York*, 529 F.2d 70, 74 (2nd Cir. 1975). Even under this less stringent standard, the complaint is subject to summary dismissal. The requirement of liberal construction

---

[1] Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 (DSC), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

[2] *Boyce* has been held by some authorities to have been abrogated in part, on other grounds, by *Neitzke v. Williams*, 490 U.S. 319 (1989)(insofar as *Neitzke* establishes that a complaint that fails to state a claim, under Federal Rule of Civil Procedure 12(b)(6), does not by definition merit *sua sponte* dismissal under 28 U.S.C. § 1915(e)(2)(B)(i) [formerly 28 U.S.C. § 1915(d)], as "frivolous").

does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Department of Social Services*, 901 F.2d 387 (4th Cir. 1990).

The plaintiff's allegations of verbal harassment, taken as true, do not constitute the violation of any federally protected right. *See Aziz Zarif Shabazz v. Pico*, 994 F. Supp. 460, 474 (S.D.N.Y. 1998) (noting that "verbal harassment or profanity alone, 'unaccompanied by any injury no matter how inappropriate, unprofessional, or reprehensible it might seem,' does not constitute the violation of any federally protected right and therefore is not actionable under 42 U.S.C. § 1983."). *See also Pittsley v. Warish*, 927 F.2d 3, 7 (1st Cir. 1991) ("Fear or emotional injury which results solely from verbal harassment or idle threats is generally not sufficient to constitute an invasion of an identified liberty interest."), *cert. denied*, *Pittsley by Pittsley v. Warish,* 502 U.S. 879 (1991).

Since the plaintiff is not a "prisoner," the Prison Litigation Reform Act's prohibition on recovery for emotional or mental distress, which is codified at 42 U.S.C. § 1997e(e), is not applicable to the plaintiff. Even so, case law prior to the adoption of the Prison Litigation Reform Act held that there is no federal constitutional right to be free from emotional distress, psychological stress, or mental anguish, and, hence, there is no liability under Section 1983 regarding such claims. *See Grandstaff v. City of Borger*, 767 F.2d 161 (5th Cir. 1985), *rehearing denied*, 779 F.2d 1129 (5th Cir. 1986), *cert. denied*, *City of Borger v. Grandstaff*, 480 U.S. 916 (1987); and *Rodriguez v. Comas*, 888 F.2d 899, 903 (1st Cir. 1989). The plaintiff cannot recover damages for emotional trauma and distress in this civil rights action because emotional injuries are not compensable pursuant to 42 U.S.C. § 1983.

In this civil rights action, this court cannot reassign, suspend, or remove the defendant from his job at the South Carolina Department of Mental Health's Columbia Care Center. *See Maxton v. Johnson*, 488 F. Supp. 1030, 1032 n. 2 (D.S.C. 1980) (a federal district court lacks inherent power to hire, remove, or reassign officials not within the executive control of that federal district court), *citing United States v. White County Bridge Commission*, 275 F.2d 529, 535 (7th Cir.), *cert. denied sub nomine*, *Clippinger v. United States*, 364 U.S. 818 (1960).

The plaintiff is, hereby, apprised that if he continues to submit cases subject to summary dismissal, the United States District Court for the District of South Carolina has the authority to place the plaintiff *under* an order of pre-filing review or a pre-filing injunction.³ *See Graham v. Riddle*, 554 F.2d 133, 134-35 & n. * (4th Cir. 1977). *See also In Re Burnley*, 988 F.2d 1, 2-3 & nn. 1-3 (4th Cir. 1992), which was released for publication on March 4, 1993; *Flint v. Haynes*, 651 F.2d 970, 972-74 & nn. 5-14 (4th Cir. 1981), *cert. denied*, 454 U.S. 1151 (1982) (*citing Graham v. Riddle* and cases from outside the Fourth Judicial Circuit); *Safir v. United States Lines, Inc.*, 792 F.2d 19, 23-25 (2nd Cir. 1986), *cert. denied*, 479 U.S. 1099 (1987) (outlining five factors for a district court to consider before imposing order of pre-filing review); *Clay v. Yates*, 809 F. Supp. 417, 427-30 & nn. 10-12 (E.D. Va. 1992) (district court may take into account fifteen cases, many of which raised prior claims, filed by one *pro se* litigant); *Turner v. United States Navy*, 793 F. Supp. 679, 680-81 & nn. 1-2 (E.D. Va. 1992); *Zaczek v. Fauquier County*, 764 F. Supp. 1071, 1077-79 & nn. 21-23

---

³A district court may not impose an order of pre-filing review or pre-filing injunction *sua sponte*. *See In Re Oliver*, 682 F.2d 443, 444-446 & nn. 1-5, 53 A.L.R.Fed. 645 (3rd Cir. 1982); and *In Re Hartford Textile Corp.*, 613 F.2d 388, 390-391 & nn. 6-7 (2nd Cir. 1979), *cert. denied*, *Shuffman v. Hartford Textile Corp.*, 447 U.S. 907 (1980). *See also Pardo v. Federal Correctional Institution-Petersburg*, 19 F.3d 1429 [Table], 1994 U.S.App. LEXIS® 5372, 1994 WESTLAW® 95888 (4th Cir., March 23, 1994) (litigant must be notified and given opportunity to object to imposition of order of pre-filing review).

(E.D. Va. 1991); *Lyszaj v. American Tel. & Tel. Affiliates*, 554 F. Supp. 218, 219-22 & nn. 1-3 (E.D. Va. 1982), *affirmed*, 714 F.2d 131 (4th Cir. 1983)[Table]; *Holsey v. Bass*, 519 F. Supp. 395, 405-409 and 417 (D. Md. 1981) (although summary dismissals are to be used sparingly, court would be justified in imposing pre-filing order under *Graham v. Riddle* if submission of frivolous suits continues), *affirmed*, *Todd v. Baskerville*, 712 F.2d at 70-74;[4] *Holsey v. Collins*, 90 F.R.D. 122, 126 & n. 10 (D. Md. 1981), *citing Green v. Camper*, 477 F. Supp. 758, 759-768 (W.D. Mo. 1979);[5] and *Jackson v. South Carolina*, 498 F. Supp. 186, 193-95 & nn. 17-19 (D.S.C. 1979).  *Cf. Judd v. United States District Court for Western District of Texas*, 528 U.S. 5 (1999) (Supreme Court Order barring prospective filings in noncriminal cases); and *Judd v. University of New Mexico*, 204 F.3d 1041 (10th Cir. 2000), where the United States Court of Appeals for the Tenth Circuit affirmed the imposition of filing restrictions on a litigant by the United States District Court for the District of New Mexico, and imposed its own filing restrictions upon the litigant.

This court has the inherent authority to protect its jurisdiction from conduct which impairs its ability to carry out its Article III functions:

> There should be little doubt that the district court has the jurisdiction to protect itself against the abuses that litigants like Procup visit upon it.  Federal courts have both the inherent power and the constitutional obligation to protect their jurisdiction from conduct which impairs their ability to carry out Article III functions. * * * The fact that Procup's complaint in this case may have failed to state a justiciable federal claim is of no impact on the court's power to enter injunctive relief against such a recalcitrant litigant.  The court has a responsibility to prevent single litigants from unnecessarily encroaching on the judicial machinery needed by others.  Were a frivolous lawsuit a bar to the court's inherent jurisdiction, the court would be powerless to act upon even a flood of frivolous lawsuits which threatened to bring judicial business to a standstill.

---

[4] The appeal in *Holsey v. Bass* was consolidated with the appeal in *Todd v. Baskerville*.

[5] The litigant in *Green v. Camper* had filed over five hundred cases in a seven-year period.

*Procup v. Strickland*, 792 F.2d 1069, 1073-74 (11th Cir. 1986)(*en banc*) (citation and footnote omitted from quotation). *Cf. Gabel v. Lynaugh*, 835 F.2d 124, 125 n. 1 (5th Cir. 1988)(*per curiam)*; and *Lay v. Anderson*, 837 F.2d 231, 232-33 & n. 1 (5th Cir. 1988)(*per curiam*) (applying holding in *Gabel v. Lynaugh*).

The holding in *Graham v. Riddle* is not designed to frustrate a *pro se* litigant with a facially meritorious complaint or petition. The imposition of a *Graham v. Riddle* order is designed to prevent diversion of judicial work hours (required to review frivolous pleadings) from other litigation pending in this court, not to mention the time of the court's support personnel. Since *Graham v. Riddle* was decided, at least thirty-two *Graham v. Riddle* orders of various types have been issued by various United States District Judges of this District Court.

### *Recommendation*

Accordingly, it is recommended that the District Court summarily dismiss the above-captioned case *without prejudice* and without issuance and service of process. *See Denton v. Hernandez*; *Neitzke v. Williams*; *Haines v. Kerner*; *Brown v. Briscoe*, 998 F.2d 201, 202-204 & n. * (4th Cir. 1993), *replacing* unpublished opinion originally tabled at 993 F.2d 1535 (4th Cir. 1993); *Boyce v. Alizaduh*; *Todd v. Baskerville*, 712 F.2d at 74; and 28 U.S.C. § 1915(e)(2)(B) [essentially a redesignation of "old" 1915(d)]. *See also In Re Prison Litigation Reform Act*, 105 F.3d 1131 (6th Cir. 1997) (pleadings by prisoners *and* non-prisoners should also be screened); and *Fitzgerald v. First East Seventh Street Tenants Corp.*, 221 F.3d 362, 363-364 (2nd Cir. 2000) ("District courts . . . are . . . capable of determining when an action is frivolous. Indeed, as courts of first

7

instance, district courts are especially likely to be exposed to frivolous actions, and thus have an even greater need for inherent authority to dismiss such actions quickly in order to preserve scarce judicial resources."). The plaintiff's attention is directed to the important Notice on the next page.

October 26, 2007                    s/Joseph R. McCrorey
Columbia, South Carolina            United States Magistrate Judge

8

**Notice of Right to File Objections to Report and Recommendation**

The plaintiff is advised that he may file specific written objections to this Report and Recommendation with the District Court Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** In the absence of a timely filed objection, a district court judge need not conduct a *de novo* review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

**Larry W. Propes, Clerk**
**United States District Court**
**901 Richland Street**
**Columbia, South Carolina 29201**

**Failure to timely file specific written objections to this Report and Recommendation will result in a waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir.), *cert. denied*, *Schronce v. United States*, 467 U.S. 1208 (1984); and *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).